UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILIP WALTER JONES,

        Petitioner,

vs.                                      Case No. 3:14-cv-757-J-39JBT

SECRETARY, DOC, et al.,

        Respondents.

## ORDER

### I.  STATUS

Petitioner Philip Walter Jones challenges a 2006 (Clay County) conviction for aggravated battery.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1.  He raises four grounds in the Petition. Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Response) (Doc. 13).  In support of the Response, they submitted Exhibits (Doc. 14).[1]  Petitioner filed a Reply to Respondents' Motion to Dismiss Petition for Writ of Habeas

---

[1] The Court hereinafter refers to the exhibits contained in the Exhibits as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.  Otherwise, the page number on the particular document will be referenced.  The Court will reference the page numbers assigned by the electronic docketing system where applicable.

Corpus as Untimely (Reply) (Doc. 15).  See Order (Doc. 4).  No evidentiary proceedings are required in this Court.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents calculate that the Petition is untimely filed.

To adequately address Respondents' contention that Petitioner has failed to comply with the limitations period, the Court will provide a brief procedural history. Petitioner was charged by amended information with aggravated battery (domestic). Ex. A at 22. A jury returned a verdict of guilty. Id. at 74, 76-124; Ex. B; Ex. C; Ex. D. On June 7, 2006, the trial court sentenced Petitioner to twenty years in prison. Ex. A at 127-32, 160-79.

Petitioner appealed. Ex. E; Ex. F. On June 20, 2007, the First District Court of Appeal affirmed per curiam. Ex. G. The mandate issued on July 6, 2007. Ex. H. The conviction became final on September 18, 2007 (90 days after June 20, 2007) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

Petitioner filed a pro se Rule 3.850 post conviction motion in the circuit court on September 10, 2007.[2] Ex. T at 1-17. This

---

[2] On July 17, 2007, Petitioner filed a pro se petition for writ of mandamus. Ex. R. On August 22, 2007, the First District Court of Appeal transferred the petition to the circuit court. Ex. S. On September 14, 2007, the circuit court granted in part and denied in part the petition for writ of mandamus. Ex. T at 18-20.

post conviction motion tolled the limitations period, until the mandate issued on August 18, 2011. Ex. BB. Meanwhile, Petitioner filed other motions/petitions that tolled the limitations period. On August 5, 2008, he filed a petition for writ of habeas corpus in the First District Court of Appeal. Ex. I. This tolled the limitations period through January 28, 2011, when the First District Court of Appeal denied rehearing. Ex. Q.

Additionally, Petitioner, on April 15, 2011, filed a pro se motion to correct illegal sentence pursuant to Rule 3.800(a), Fla. R. Crim. P. Ex. CC. This tolled the limitations period until Petitioner moved to voluntarily dismiss his motion, and the court granted the motion for dismissal on April 3, 2012. Ex. DD; Ex. EE. The clerk filed the order on April 4, 2012.[3]

At this point, the limitations period began to run, and ran for a period of 55 days, until Petitioner filed a Rule 3.800(a) motion to correct and petition for writ of habeas corpus in the circuit court on May 31, 2012. Ex. FF at 1-40. On September 25, 2012, the court denied the motion and petition. Id. at 48-80. The mandate issued on August 8, 2013. Ex. MM. The limitations period began to run again on August 9, 2013, and expired 310 days later on Sunday, June 15, 2014, making his federal petition due on Monday, June 16, 2014. Based on the foregoing, the Petition, filed on June

---

[3] Respondents reference the date the order was signed, April 3, 2012, however, the Court will give Petitioner the benefit of the date the clerk filed the order, April 4, 2012.

25, 2014, pursuant to the mailbox rule, is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted or that his second Rule 3.850 motion, filed on September 19, 2013, claiming newly discovered evidence, tolled the limitations period from September 19, 2013, until the mandate issued on June 6, 2014.

With regard to Petitioner's assertion that his second Rule 3.850 motion tolled the limitations period, Petitioner relies on the fact that he filed a Motion for Postconviction Relief Predicated on Newly Discovery Evidence in the circuit court on September 19, 2013, pursuant to the mailbox rule. Ex. NN at 1-14. Petitioner, in the motion, claimed that he was moving, pursuant to Rule 3.850(b)(1), to vacate his conviction and sentence on the basis of newly discovered evidence that could not have been known by the use of due diligence until Petitioner received a document dated June 11, 2013, from the Office of the State Attorney. Id. at 1. The court denied the motion, not only finding that Petitioner's allegations did not meet the parameters of newly discovered evidence, but also that he had the opportunity to discover the purported plea offer in question within the two-year time limit imposed by Rule 3.850. Id. at 19. More particularly, the court said:

> In the instant Motion, Defendant avers that he has recently discovered that his trial counsel failed to convey a ten-year plea offer from the State. He further states that had

> such a plea offer been conveyed, he would have taken the offer rather than go to trial.
>
> To be considered newly discovered, evidence "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence.'" Wright v. State, 857 So.2d 861, 870-71 (Fla. 2003) (quoting Jones v. State, 591 So.2d 911, 915 (Fla. 1991)). Newly discovered evidence must be filed within two (2) years of the date that the evidence could have been discovered through the use [of] due diligence. See Parks v. State, 944 So.2d 1230, 1231 (Fla. 5th DCA 2006); Hampton v. State, 825 So.2d 477 (Fla. 4th DCA 2002); Murrah v. State, 773 So.2d 622, 623 (Fla. 1st DCA 2000) (victim recantation).
>
> Defendant's allegations do not meet the parameters of newly discovered evidence. On April 29, 2010, while under oath at a Rule 3.850 evidentiary hearing, trial counsel testified that he reviewed "any potential offers the State had made" and that Defendant rejected any and all State offers. (Ex. E.) Assuming *arguendo* that counsel did fail to convey a ten-year offer, Defendant had the opportunity to discover the offer in question within the two-year time limit imposed by Rule 3.850. On July 19, 2007, Defendant filed a petition for writ of mandamus for trial counsel's records, in which he requested copies of all communication from the state attorney's office. (Ex. F.) Defendant is not entitled to relief for this claim.

Ex. NN at 18-19 (footnotes omitted).

Of initial significance, the trial court found that the motion did not qualify under the newly discovered evidence exception to the time bar.[4]  See Losey v. McNeil, No. 3:08cv121/RV/EMT, 2008 WL

---

[4] Rule 3.850 of the Florida Rules of Criminal Procedure provides, in pertinent part:

4693139, at *5 (N.D. Fla. Oct. 21, 2008) (citing Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005), and recognizing that a petition filed after the time limit that does not fit within any exception to that limit, like the newly discovered evidence exception, is not properly filed). Apparently, Petitioner did not meet any sort of manifest injustice exception as the trial court found that Petitioner was not entitled to relief and that his motion was frivolous. Id. at 19. This Court must respect the state court's ruling that Petitioner failed to meet the untimeliness exception by satisfying the parameters of newly discovered evidence, regardless of whether the state court also reached the merits of the claim. See Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1315-16 (11th Cir. 2006), cert. denied, 550 U.S. 922 (2007).

---

(b) **Time Limitations.** A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that

(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence[.]

The Court concludes that Petitioner's untimely second Rule 3.850 motion was not properly filed and did not serve to toll the one-year period for filing his federal petition.

Petitioner urges this Court to find that his untimely filing of his federal Petition should be contributed to circumstances beyond his control. Although not a model of clarity, apparently Petitioner is contending that he is entitled to some equitable tolling due to the fact that the First District Court of Appeal per curiam affirmed the denial of his Rule 3.800(a) motion on June 14, 2013, Ex. JJ, although Petitioner had been granted leave to file a pro se brief on or before June 21, 2013. Reply at 7, attached exhibit 4. Petitioner filed his pro se brief on June 17, 2013, pursuant to the mailbox rule. Ex. HH. The state filed its Amended Notice that it would not file a brief on June 28, 2013. Ex. II. Petitioner moved for rehearing/reconsideration, Ex. KK, but the First District Court of Appeal denied his motion on July 23, 2013. Ex. LL. The mandate issued on August 8, 2013. Ex. MM.

Of import, the AEDPA "limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). The two-pronged test for equitable tolling requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation marks omitted); see Downs v.

McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). The Court concludes that Petitioner has not met the burden of showing that equitable tolling is warranted.

Petitioner contends that he should be entitled to equitable tolling because the First District Court of Appeal should not have rendered its decision prior to June 24, 2013, allowing him to file his brief by June 21, 2013, and then rendering its decision. The Court finds Petitioner's argument unavailing. After the affirmance of the denial of the Rule 3.800 motion and the issuance of the mandate, Petitioner had 310 days to file his federal petition. Petitioner was fully aware that his motion for rehearing/reconsideration had been denied by the First District Court of Appeal. No extraordinary circumstances stood in his way

and prevented him from timely filing his Petition upon the issuance of the mandate from the First District Court of Appeal.

Petitioner does not allege, and the record does not show, that the state impeded him from filing a timely § 2254 petition during this 310-day period. Petitioner simply failed to pursue his rights diligently. Although Petitioner was proceeding pro se in his state court proceedings, pro se representation alone is not a meritorious excuse and is insufficient to warrant equitable tolling. Johnson v. United States, 544 U.S. 295, 311 (2005). Lack of formal education presents challenges, but it does not excuse a petitioner from complying with the time constraints for filing a federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (not reported in F.Supp.2d) (Report and Recommendation), report and recommendation adopted by the District Court on March 14, 2007.

Under these circumstances, the Court is not persuaded that Petitioner acted diligently. The Court finds that he has not shown that he is entitled to extraordinary relief. Equitable tolling is a remedy that should be used sparingly, and Petitioner has failed to show that he exercised due diligence. Petitioner's has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. He had ample

time to exhaust state remedies and prepare and file a federal petition. Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing actual innocence. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition and the case are **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of January, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/6
c:
Philip W. Jones
Counsel of Record